Black, P.J.
This case is before the court upon a Petition to Establish a Report filed in an attempt to perfect an appeal from a finding of “responsible” in connection with a civil motor vehicle infraction.
According to the appellate record, the defendant, Kerry Magasanik, was cited by an officer of the Wellesley Police Department on June 28, 1987, for Failure to Yield to a Pedestrian in a Crosswalk. After a hearing before the Clerk-Magistrate of the Dedham Division, he was found “responsible” and assessed a $20 penalty. He appealed de novo to a single justice, and after hearing on October 28, 1987, was again found “responsible” with a $20 assessment being reimposed. The defendant’s attorney subsequently filed a Request for a Report on November 4,1987. Having received no decision upon his request by February 8, 1988, he filed the Petition to Establish a Report which is now before this court.
The Uniform Rules on Civil Motor Vehicle Infractions adopted July 1,1986, prescribed the exclusive procedure for the hearing of civil motor vehicle infractions cases, including the manner by which such appeals may be taken from an adverse finding by a single justice on a de novo appeal from the Clerk-Megistrate’s findings and disposition. The procedure for perfecting such appeals to the Appellate Division are articulated in section (d) of the Uniform Rules. Since the procedures prescribed by the Uniform Rules are the exclusive means through which civil motor vehicle infraction appeals may be taken to the Appellate Division, Dist./Mun. Cts. R. Civ. P., Rule 64 is inapplicable. The Uniform Rules further provide that failure to comply with the provisions of the rules “may” be grounds for dismissal of the appeal.
Quite apart from the foregoing, the appellant has failed to show that any question of law has been properly framed for appellate review. His draft report indicates that he disputes various findings of fact implicit in the trial judge’s finding of “responsible”. The credibility of witnesses,’ and the weight to be accorded the evidence, is solely the prerogative of the trial judge and does not ordinarily raise any “issue of law”. Inasmuch as our jurisdiction is expressly limited to a review of issues of law, it appears that the appellant could not prevail on this record even had he followed the correct procedures in seeking appellate review.
Accordingly, the appeal is dismissed.